**NOT FOR PUBLICATION**

FILED

MAR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EAGLE MARINE SERVICES, | No.   16-71165 |
| Petitioner, | BRB No. 15-0365 |
| v. | |
| RICHARD MCNISH; SSA MARINE TERMINALS, LLC; HOMEPORT INSURANCE CO.; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted March 6, 2018[**]
Seattle, Washington

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,[***] District Judge.

Eagle Marine Services (Eagle Marine) petitions for review of the decision of the Benefits Review Board (BRB) affirming its liability as the responsible employer for Claimant Richard McNish's (McNish) noise-induced hearing loss under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.  "We review the [BRB's] decisions for errors of law and adherence to the substantial evidence standard."  *Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co.*, 339 F.3d 1102, 1105 (9th Cir. 2003) (citation omitted).  The BRB must accept the findings of the administrative law judge (ALJ) "unless they are contrary to law, irrational, or unsupported by substantial evidence."  *Id.* (citation omitted).

Substantial evidence supports the BRB's determination that Eagle Marine was the responsible employer.  The ALJ engaged in a comprehensive review of the audiometric evidence before concluding that the October audiogram was determinative of McNish's disability because it first measured the onset of McNish's disability.  *See Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165

***    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

(9th Cir. 2010) ("The substantial evidence test for upholding factual findings is extremely deferential to the factfinder. . . .") (citation and internal quotation marks omitted). Pursuant to the last employer rule, the ALJ properly assigned liability to Eagle Marine, as it was the last employer who, by injurious exposure, could have contributed causally to the claimant's disability evidenced on the audiogram that formed the basis of the hearing loss claim. *See Port of Portland v. Dir., Office of Workers Comp. Programs*, 932 F.2d 836, 840 (9th Cir. 1991).

**PETITION DENIED.**